IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|  Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-11-1126 |
| | § | (C.A. No. C-13-97) |
| IGNACIO ESPINOSA-CONTRERAS, | § | |
|  Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Ignacio Espinosa-Contrearas' (Espinosa-Contreras) motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 24. The Court has reviewed the § 2255 motion and concludes that summary dismissal pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (2013) (2255 Rules) is appropriate.

### I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II.  FACTUAL BACKGROUND AND PROCEEDINGS

**A.  Summary of Offense**

Espinosa-Contrearas, a citizen of Mexico, entered the Border Patrol Checkpoint at Falfurrias, Brooks County, Texas in November 2011. D.E. 1. He admitted to Border Patrol Agents that he entered the United States illegally from Mexico. Id. He was previously deported from the United States in February 2010. Id. He was arrested and charged with Illegal Reentry. Id.

**B.     Criminal Proceedings**

After his arrest Espinosa-Contrearas was appointed counsel. D.E. 3. He was indicted for Illegal Reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b) and arraigned the following week. D.E. 7, Minute Entry November 28, 2011.

On December 12, 2011, Espinosa-Contreras pled guilty without a plea agreement with the government and was rearraigned before a federal Magistrate Judge. D.E. 13, Minute Entry December 12, 2011. The Magistrate Judge issued Findings and Recommendation after rearraignment in which the Magistrate Judge stated that Espinosa-Contrearas was advised of the charges against him, advised of the maximum range of punishment, and all of the rights he waived if he pled guilty. D.E. 12. Espinnosa-Contreras testified at rearraignment that he received a copy of the indictment, understood the nature of the charge, the maximum penalty and the consequences of pleading guilty. Id. at p. 2. He was generally warned that his sentence would be based upon the present offense and his criminal history as calculated using the Sentencing Guidelines. Id. at ¶ 6. He testified that his decision to plead guilty was voluntary. Id. at p. 2. After the government outlined the facts it relied upon to charge him with Illegal Reentry, he pled guilty. Id. at p. 3. The Court adopted the Findings and Recommendation on plea of guilty. D.E. 15.

The Probation Department prepared the Presentence Investigation Report (PSR) which calculated both Espinosa-Contreras' offense level and criminal history points. D.E. 16. Illegal Reentry carries a base offense level of 8, but a conviction for a prior crime of violence adds 16 points to the base offense pursuant to § 2L1.2(b)(1)(A) of the sentencing guidelines. Id. at ¶¶ 11, 12. His total offense level was 24. Id. at ¶¶ 16-20.

The PSR noted Espinosa-Contreras' previous conviction for Corporal Injury to a Spouse in

2

2009 and Possession of Methamphetamine that resulted in one criminal history point and an earlier conviction for Possession of a Stolen Vehicle in 2008 that resulted in two points. Id. at ¶¶ 22-23. At the time of his present offense, Espinosa-Contreras was still on probation for Corporal Injury of a Spouse which added another two points to his criminal history for a total o f five points and application of criminal history category III. Id. at ¶¶ 24-26. The Guideline imprisonment calculation for Espinosa-Contreras' Illegal Reentry was 63-78 months. Id. at ¶ 40. No objections to the PSR were filed. D.E. 18.

Espinosa-Contreras was sentenced in March 2012. Minute Entry March 19, 2012. At sentencing, the Court granted Espinosa-Contreras a 3 point reduction in his offense level for acceptance of responsibility. D.E. 22. The Court found the guideline range to be 46 to 57 months imprisonment as a result of that change. Id. The Court downwardly departed from the guidelines after finding that the assault on his spouse caused minor injuries and resulted in a sentence of probation. Id. at p. 2. The Court sentenced Espinosa-Contrearas to 31 months imprisonment, no supervised release, no fine, and a $100 special assessment. D.E, 21. The Court advised him of his right to appeal. Minute Entry March 19, 2012. He did not appeal. Espinosa-Contreras timely filed his motion pursuant to 28 U.S.C. § 2255. D.E. 24.

### III.  MOVANT'S ALLEGATIONS

Espinosa-Contreras claims that his counsel was ineffective for failing to argue for fast track downward departure. D.E. 24 at p. 5. He claims that as of March 1, 2012, the attorney General of the United States issued a Memoradum mandating fast track in all jurisdictions. Id.

3

## IV.  ANALYSIS

**A.      28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.      Ineffective Assistance of Counsel**

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## C.  Trial Counsel's Alleged Ineffective Assistance at Sentencing: Failure to Urge Fast Track Downward Departure

Espinosa-Contreras claims that counsel should have argued for downward departure pursuant to the fast track program. Although the Corpus Christi Division of the Southern District of Texas initiated a fast track program in 2012,[1] Espinosa-Contreras did not have the sole ability to determine whether to participate. These programs result from the application of prosecutorial discretion.[2] No

---

[1]  In January 2012, the Attorney General issued a Memorandum on Department Policy on Early Disposition or "Fast-Track Programs. http://www.justice.gov/dag/fast-track-program.pdf. That Memorandum reflected a change in policy to use fast track programs in all districts and to establish uniform guidelines for the use of the policy to become effective on March 1, 2012. Id.

[2]  The Memorandum was clear, "This policy does not, however, alter the criteria for prosecutorial discretion on whether to charge a particular defendant, nor does it require prosecuting additional cases." Id. at p. 1. Additionally, the government determined eligibility criteria for Illegal Reentry defendants that included,

> Districts prosecuting felony illegal reentry cases (8 U.S.C. § 1326)—the largest category of cases authorized for fast-track treatment—shall implement an early disposition program in accordance with the following requirements and the exercise of prosecutorial discretion by the United States Attorney:
>
>> A. Defendant Eligibility. The United States Attorney retains the discretion to limit or deny a defendant's participation in a fast-track program based on—
>>
>>> (1) The defendant's prior *violent felony convictions* (including murder, kidnapping, voluntary manslaughter, forcible sex offenses, child-sex offenses, drug trafficking, firearms offenses, or convictions which otherwise reflect a history of serious violent crime) . . . .

defendant is automatically entitled to benefit from the program. Indeed, the opportunity to engage in such a program is initiated by the government. See United States v. Gomez-Herrera, 523 F.3d 554, 561 (5th Cir. 2008); U.S.S.G. 5K3.1.[3] "The decision that a defendant be 'fast-tracked' is not made by the defendant but by the United States Attorney." United States v. Martinez-Trujillo, 468 F.3d 1266, 1269 (10th Cir. 2006). Additionally, based upon the Memorandum expanding the programs, Espinosa-Contrera's previous felony conviction for corporal injury to a spouse likely disqualified him from participation. See infra. at note 2.

Furthermore, each defendant in a fast track program would be required to enter into specific agreements with the government,

> C. Minimum Requirements for "Fast-Track" Plea Agreement. The defendant must enter into a written plea agreement that includes at least the following items—
>
>> (1) The defendant agrees to a factual basis that accurately reflects his or her offense conduct and stipulates to the facts related to the prior conviction and removal;
>> (2) The defendant agrees not to file any of the motions described in Rules 12(b)(3), Fed. R. Crim. P.;
>> (3) As determined by the United States Attorney after taking into account applicable law and local district court practice and policy, the defendant agrees to waive the right to argue for a variance under 18 U.S.C. § 3553(a), and to waive appeal and the opportunity to challenge his or her conviction under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel; and
>> (4) The United States Attorney shall retain discretion to impose additional procedural requirements for fast-track plea agreements;

---

Id. at p. 3 (emphasis added).

[3] 5K3.1. Early Disposition Programs (Policy Statement)
"Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."

> specifically, the United States Attorney has discretion to require that the defendant agree to enter into a sentencing agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), and/or to waive a full pre-sentence investigation as conditions of participation.

Id. at 4.

Although Espinosa-Contreras claims he was eligible for the program, he did not enter into any plea agreement with the government and does not state whether he would have been willing to do so. Nor does he address the application of prosecutorial discretion to exclude from consideration persons with previous violent felonies. Because a defendant may not control whether to participate in the program, and the Court may not grant such a motion by the defendant or his counsel, Espinosa-Contreras has not shown that he was prejudiced by counsel's failure to urge a downward departure on this basis.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Espinosa-Contreras has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Espinosa-Contreras is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Espinosa-Contreras' § 2255 motion (D.E. 24) is DENIED WITH PREJUDICE pursuant to Rule 4(b) of the 2255 Rules and he is DENIED a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 3rd day of July, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE